IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| V.W., a minor, by her mother and legal guardian, MELISSA WYBROW,<br><br>Plaintiff,<br><br>vs.<br><br>DAVINCI ACADEMY OF SCIENCE AND THE ARTS, et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING UTAH STATE BOARD OF EDUCATION'S AND UTAH STATE CHARTER SCHOOL BOARD'S MOTION TO DISMISS<br><br>Case No. 1:09-CV-127 TS |

This matter is before the Court on a Motion to Dismiss filed by Defendants Utah State Board of Education and Utah State Charter School Board (collectively the "State School Boards"). For the reasons discussed below, the Court will grant the Motion.

I. BACKGROUND

Plaintiff V.W., a minor, was a student at DaVinci Academy of Science and the Arts ("DaVinci Academy") on December 9, 2008. Plaintiff alleges that she was strip searched by two DaVinci Academy employees. Plaintiff further alleges that she was detained after the strip

1

search and was forced to urinate in a garbage can in front of a male peer and four school administrators.

Plaintiff brings this action against the Utah State Board of Education, the Utah State Charter School Board, DaVinci Academy, employees and members of the governing body of DaVinci Academy. Plaintiff brings claims for a violation of 42 U.S.C. § 1983, punitive damages, negligence, and intentional infliction of emotional stress. Defendants Utah State Board of Education and the Utah State Charter School Board seek dismissal of Plaintiff's Complaint as to them.

## II. STANDARD OF REVIEW

Defendants bring this Motion pursuant to Fed.R.Civ.P. 12(b)(6). Plaintiff argues that Defendants' Motion reaches outside the allegations contained in the Complaint and is, therefore, a motion for summary judgment. The Court disagrees. The matters presented in Defendants' Motion are questions of law. The only matters outside of the Complaint to be considered are statutes and case law. Referral to these authorities does not convert this Motion into one for summary judgment. Therefore, the Court will proceed to determine these issues under Rule 12(b)(6).[1]

In considering a motion to dismiss under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to Plaintiff as the nonmoving party.[2] Plaintiff must provide "enough facts

---

[1] Regardless of what standard is applied, the State School Boards are entitled to dismissal.

[2] *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002).

2

to state a claim to relief that is plausible on its face."[3] All well-pleaded factual allegations in the amended complaint are accepted as true and viewed in the light most favorable to the nonmoving party.[4] But, the court "need not accept conclusory allegations without supporting factual averments."[5] "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[6] The Supreme Court has explained that a plaintiff must "nudge[ ][his] claims across the line from conceivable to plausible" in order to survive a motion to dismiss.[7] Thus, the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims.[8]

---

[3]*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007) (dismissing complaint where Plaintiffs "have not nudged their claims across the line from conceivable to plausible").

[4]*GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[5]*Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998); *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).

[6]*Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

[7]*Id*.

[8]*The Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

## III. DISCUSSION

### A. ELEVENTH AMENDMENT IMMUNITY

The State School Boards argue that they are arms of the state and, thus, the Eleventh Amendment bars Plaintiff's federal claims against them.

The Eleventh Amendment states: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."[9] The Eleventh Amendment bars suits for damages against a state in federal court, absent a waiver of immunity by the state.[10]

> Only a state or "arms" of a state may assert the Eleventh Amendment as a defense to suit in federal court. Whether a particular political subdivision is an "arm of the state" is determined by examining four factors: (1) the characterization of the governmental unit under state law; (2) the guidance and control exercised by the state over the governmental unit; (3) the degree of state funding received; and (4) the governmental unit's ability to issue bonds and levy taxes on its own behalf.[11]

Considering these factors, the Court finds that the State School Boards are "arms of the state" entitled to Eleventh Amendment Immunity. First, the Court looks to the characterization of the governmental unit under Utah law. Under the Utah Governmental Immunity Act, the "State" is defined as including "each office, department, division, agency, authority, commission, *board*, institution, hospital, college, university, Children's Justice Center, or other instrumentality

---

[9] U.S. Const. amend XI.

[10] *Edelman v. Jordan*, 415 U.S. 651, 663 (1974).

[11] *Sutton v. Utah State School for the Deaf and Blind*, 173 F.3d 1226, 1232 (10th Cir. 1999) (citation omitted).

of the state."[12] Plaintiff argues that the State School Boards are akin to local school districts, which have been held not to be arms of the state.[13] However, the Utah Governmental Immunity Act clearly distinguishes between school districts, which are considered "political subdivisions," and state-created boards, which are included within the definition of the "state."[14]

Second, the Court considers the guidance and control exercised by the state over the governmental unit. The State Charter School Board has the ability to contract, sue and be sued, provide administrative services to, or perform other school functions for, charter schools, and charge fees for the provision of such services or functions.[15] However, the state exercises control over the State Charter School Board because all members of the Board are appointed by the governor.[16] The Tenth Circuit, in *Watson v. University of Utah Medical Center*,[17] noted the fact that fifteen of sixteen members of the State Board of Regents were appointed by the governor in support of its determination that the University of Utah was an arm of the state.[18] Likewise, in *Sutton v. Utah State School for the Deaf and Blind*, the court noted that while the School could sue and be sued, contract and be contracted with, and take and hold real and personal property,

---

[12]Utah Code Ann. § 63G-7-102(9) (emphasis added).

[13]*See Ambus v. Granite Bd. of Educ.*, 995 F.2d 992, 997 (10th Cir. 1993).

[14]*Compare* Utah Code Ann. § 63G-7-102(7) *with* Utah Code Ann. § 63G-7-102(9).

[15]Utah Code Ann. § 53A-1a-501.6(2).

[16]*Id*. § 53A-1a-501.5(1).

[17]75 F.3d 569 (10th Cir. 1996).

[18]*Id*. at 575.

5

"[b]ecause the School . . . [was] governed by a board consisting solely of state board of education members, clearly the state exercises control over the school."[19]

"The third and fourth . . . factors concern whether a judgment against [the State School Boards] would be paid out of the state treasury. The key question is whether funds to satisfy a money judgment would come directly from the state or indirectly through commingled state and local funds or state indemnification provisions."[20] Like the Utah State School for the Deaf and Blind in *Sutton*, it is unclear how the State Boards would satisfy a money judgment against them.[21] But, for substantially the same reasons set out in *Sutton*, this does not preclude a finding that the State Boards are arms of the state.[22]

Based on the above, the Court finds that the State School Boards are arms of the state for purposes of the Eleventh Amendment. This finding is supported by the Tenth Circuit's decision in *Sutton v. Utah State School for the Deaf and Blind*, wherein the court found that the Utah State School for the Deaf and Blind was an "arm of the state" for purposes of the Eleventh Amendment. In that case, the Utah State School for the Deaf and Blind shared many of the same characteristics as the State Charter School Board. Both share in state sovereign immunity. Both may sue and be sued. The board for the Utah State School for the Deaf and Blind was made up of members from the State Board of Education while the governor appoints members to the State

---

[19]*Sutton*, 173 F.3d at 1232.

[20]*Id*. at 1233.

[21]*Id*.

[22]*Id*.

6

Charter School Board. Finally, it is unclear how money judgments against either would be satisfied. Based on these similarities, the Court reaches the same conclusion the Tenth Circuit reached in *Sutton*.

This conclusion is also supported by *L.C. v. Utah State Board of Education*,[23] where this Court held that the Utah State Office of Education and the Utah State Board of Education were arms of the state immune under the Eleventh Amendment. While Plaintiff is correct that the Court did not discuss the four factors set forth above, the Court agrees with the ultimate conclusion in *L.C.* The cases relied upon by Plaintiff are distinguishable in that they address local school districts, not state boards.

Based on the above, the Court finds that the State School Boards are "arms of the state" entitled to Eleventh Amendment Immunity.

B.  SECTION 1983

The State School Boards also argue that Plaintiff's Section 1983 claims must be dismissed because they are not "persons" under that statute. The Tenth Circuit has held that "[n]either the state, nor a governmental entity that is an arm of the state for Eleventh Amendment purposes, nor a state official who acts in his or her official capacity, is a 'person' within the meaning of § 1983."[24] As the State School Boards are arms of the state for Eleventh Amendment purposes, they are not persons within the meaning of Section 1983 and Plaintiff's Section 1983 claims must be dismissed against these entities.

---

[23] 188 F.Supp. 2d 1330 (D. Utah 2002).

[24] *Harris v. Champion*, 51 F.3d 901, 905-06 (10th Cir. 1995).

C.  UTAH GOVERNMENTAL IMMUNITY ACT

Finally, the State School Boards argue that Plaintiff's state law claims are barred under the Utah Governmental Immunity Act.

> A government entity is immune from suit under the Act if it can establish that (1) the activity giving rise to the plaintiff's claim served a governmental function; (2) governmental immunity is not waived for the particular activity; or (3) if immunity is waived for a particular activity, the activity falls under an applicable exception to that waiver.[25]

The State Board of Education's and the State Charter School Board's activities of supervising and regulating public schools are governmental functions. As to Plaintiff's claim for intentional infliction of emotional distress, the Act has not waived immunity. Thus, that claim is barred. As to Plaintiff's negligence claim, the Act has waived immunity "as to any injury proximately caused by a negligent act or omission of an employee committed within the scope of employment."[26] However, under the third part of the test, immunity is not waived "if the injury arises out of, in connection with, or results from . . . false imprisonment . . . infliction of mental anguish, or violation of civil rights."[27] Each of these exceptions apply to Plaintiff's negligence claim and it is also barred.

Plaintiff does not contest this assessment of the Utah Governmental Immunity Act, but argues that the Act should be judicially abolished. The Court declines Plaintiff's invitation to do

---

[25]*Grappendorf v. Pleasant Grove City*, 173 P.3d 166, 168 (Utah 2007).

[26]Utah Code Ann. § 63G-7-301(4).

[27]*Id*. § 63G-7-301(5)(b).

8

so. As was aptly stated by the Utah Supreme Court, "Plaintiffs may find the immunity given by the legislature unconscionable, but their remedy lies with that same legislature."[28]

IV. CONCLUSION

It is therefore

ORDERED that Utah State Board of Education and Utah State Charter School Board's Motion to Dismiss (Docket No. 19) is GRANTED. The hearing set for September 20, 2010, is STRICKEN.

DATED August 17, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[28] *S.H. By and Through R.H. v. Utah*, 865 P.2d 1363, 1365 (Utah 1993).